UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL DIAZ,

    Petitioner,

v.                                      Case No: 2:14-cv-91-FtM-29MRM

SECRETARY, DOC,

    Respondent.
_____

**ORDER**

This matter comes before the Court upon Petitioner's motion for reconsideration of the June 15, 2016 Order lifting the stay of proceedings[1] (Doc. 47, filed June 24, 2016). Although Petitioner asserts that Respondent opposes the motion (Doc. 47 at 8), no response in opposition has been filed, and the motion is now ripe for review. For the reasons set forth in this Order, Petitioner's motion for reconsideration is granted, and this case will be stayed until June 1, 2017.

---

[1] Although titled as a motion for reconsideration, the arguments set forth in the motion are more suitably addressed towards a motion to stay. In addition, Petitioner does not state that he brings the motion under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. Accordingly, this Court will address the pleading as a motion to stay despite its title.

**I.  Background**

On February 14, 2014, Petitioner, a death-sentenced prisoner of the Florida Department of Corrections, filed a petition for writ of habeas corpus raising four claims, including two claims asserting that constitutional violations occurred during the penalty phase of his capital trial (Doc. 1).

On January 12, 2016, the United States Supreme Court determined that Florida's capital sentencing scheme violates a defendant's Sixth Amendment right to a jury trial in light of Ring v. Arizona, 536 U.S. 584 (2002).  Following the Supreme Court's decision in Hurst, the Florida Supreme Court issued stays of execution in Lambrix v. State, Case No. SC16-56 and Asay v. State, Case No. SC16-223.  Both cases are pending before the Florida Supreme Court which will issue no decisions during its annual summer break.  Among the issues that may be decided in Lambrix, Asay, and other pending state post-conviction capital cases, are the retroactivity of Hurst, whether and how harmless-error applies to Hurst violations, and what type of resentencing proceedings would be required for Hurst violations.

Furthermore, on March 7, 2016, House Bill 7101 was signed into law by Governor Rick Scott.  The final Staff Analysis of the Criminal Justice Subcommittee accompanying the bill explained its purpose as "amend[ing] Florida's capital sentencing scheme to

comply with the United States Supreme Court's ruling" in Hurst. See House of Representatives Final Bill Analysis, HB 7101.[2] The bill requires the jury to return a unanimous verdict finding at least one aggravating factor and that one or more aggravating factors outweigh the mitigating circumstances before a sentence of death may be imposed. Id. To recommend a sentence of death, a minimum of ten jurors must agree with the recommendation. Id. If the jury recommends a sentence of death, the judge may impose death or life in prison after considering each aggravating factor unanimously found by the jury and all mitigating circumstances. Id. A judge may not override a jury recommendation of life in prison. Id.

Questions such as whether the new provisions of House Bill 7101 made substantive changes to Florida's capital sentencing scheme such that it cannot be applied retroactively to a previously death-sentenced defendant are yet to be determined by the Florida Supreme Court. See State v. Perry, 192 So. 3d 70 (Fla. 5th DCA 2016) (certifying as a question of great public importance, "Does Chapter 2016-13, Laws of Florida, apply to pending prosecutions for capital offenses that occurred prior to its effective date?").

---

[2] Available at:
https://www.flsenate.gov/Session/Bill/2016/7101/Analysis/?Tab=Analyses

## II. Analysis

Petitioner urges that a stay of this case is warranted because "it would be a waste of judicial resources for this Court to reach any decision on the penalty phase issues in his case, which may become moot once the Florida Supreme Court determines the retroactivity of Hurst." (Doc. 47 at 5).

The United States Supreme Court has noted that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" and that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-18 (1976) (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). Nevertheless, a district court may stay its hand in certain exceptional circumstances such as when motivated by considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[.]" Colorado River, 424 U.S. at 817. Moreover, the Supreme Court has also recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).

A decision by the Florida Supreme Court allowing resentencing of defendants who were sentenced to death prior to the Hurst decision would render moot any decision(s) on the penalty-phase claims raised in the instant habeas petition. Consequently, the time and resources devoted to those claims by this Court would be wasted. In the interests of the parties and of judicial economy, the Court determines that a stay is warranted pending the outcome of the litigation in the Florida Supreme Court. Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941) (a federal court should abstain where resolution of an unsettled state law question would render unnecessary the need to decide a federal constitutional question). In order to allow time for the Florida courts to consider the application of Hurst on death-sentenced prisoners, this case will be stayed until June 1, 2017 at which time the Court will consider whether a further stay is necessary.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Petitioner's motion for reconsideration of the order lifting stay (Doc. 47) is **GRANTED** to the extent that this case will be stayed until June 1, 2017.

2. In **SIXTY (60) DAYS**, and every sixty days thereafter until June 1, 2017, both parties shall file a report on the status of the Florida litigation so that this Court may consider whether to

lift or extend the stay.  If the Florida litigation is resolved at any time prior to June 1, 2017, the parties shall immediately file notice of such.

    3.    The **Clerk of Court** is directed to administratively close this file.

    **DONE** and **ORDERED** in Fort Myers, Florida on this __22nd__ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record